**Arnold I. KRAMER,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 85–2803.

United States Court of Appeals,
Seventh Circuit.

Aug. 7, 1986.

Rehearing and Rehearing En Banc
Denied Oct. 23, 1986.

Julius Lucius Echeles, Chicago, Ill., for petitioner-appellant.

Stephen L. Heinze, Asst. U.S. Atty., Chicago, Ill., for respondent-appellee.

Before CUMMINGS, Chief Judge, FLAUM and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

We write again to provide guidance to the district courts in their application of Fed.R.Crim.P. 32(c)(3)(D) and to amplify our opinion in *Kramer v. United States*, 788 F.2d 1229 (7th Cir.1986) (*Kramer II*) to which the defendant has filed an "Emergency Motion For Compliance With Order of This Court." We remanded to the district court for compliance with Rule 32(c)(3)(D). The district court held a hearing and determined that the disputed statement in the presentence report was "accurate." We cannot adopt the procedure followed by the trial court but find that the district court opinion fulfills the requirements of Rule 32 and order that it be attached to the presentence report and sent to the Parole Board. We publish this opinion only to assist the district courts in their continuing interpretation of this Rule.

I.

Arnold Kramer was convicted in December 1983 of four counts of willfully failing to file timely income tax returns and one count of filing a false document with the

Internal Revenue Service.[1] He was sentenced in February, 1984 to four consecutive one-year terms of incarceration, to be followed by a five-year term of probation, and fined $10,000.00. Kramer appealed and in an unpublished order (*Kramer I*) this court affirmed.

Kramer then attacked his sentence by a petition for relief pursuant to 28 U.S.C. § 2255 and by a motion, in the underlying criminal action, for correction of sentence pursuant to Fed.R.Crim.P. 35(a). Both the section 2255 petition and the Rule 35(a) motion were based on an allegation that at the sentencing the district court did not comply with Fed.R.Crim.P. 32(c)(3)(D). Both the section 2255 petition and the Rule 35(a) motion asserted that not only the length of Kramer's sentence, but also the length of his *actual* incarceration, were based upon an improper consideration of his disputed tax liability. Kramer claims that because his presentence report states that he owes over $320,000 in taxes, he has been placed in Category 5 of the Parole Board Guidelines. Someone placed in Category 5 must serve a sentence of 24 to 36 months of a four-year sentence. But for the presence of the disputed amount in the presentence report, Kramer might be placed in Category 1, which according to the Parole Board Guidelines means that Kramer need serve as little as six months. As of the date of this opinion, Kramer has served approximately one and one-half years.

Both the section 2255 and the Rule 35(a) motions were denied by the district court. This court reversed and remanded on April 15, 1986 for the sentencing judge to make written findings concerning the disputed matter or a written determination that the disputed matter was not relied on for sentencing and to attach one or the other to the presentence report. *Kramer II*, 788 F.2d at 1229. We released our opinion in typescript "because of the emergency nature of the appeal" and noted "that because Mr. Kramer's parole status may be affected by the district court's compliance

with 32(c)(3)(D), expeditious compliance with our mandate is imperative in order to permit the parole authorities to speedily fulfill their responsibilities. We order that the mandate should be issued immediately."

On July 11, 1986, nearly three months after our opinion, the district court issued a Memorandum of Findings and Conclusions based on the information gathered at a hearing held on June 4 and 9, 1986. The district court framed the issue as follows:

> In this case, this court need only find whether the statement that "[t]he Internal Revenue Service estimates that Mr. Kramer owes the following in additional taxes for each year: 1976—$101,583.00; 1977—$47,067.00; 1978—$174,270.99; 1979—$6,098.00," was accurate. In other words, did the IRS make such an estimate. If it did, the presentence report was accurate, and a finding of such satisfies the mandate of Rule 32(c)(3)(D).

Footnote 4 further clarifies the district court's perception of the scope of the hearing:

> At certain times during the hearing on this matter, counsel for *both the government and petitioner* appeared to be arguing that this court was required to determine petitioner's actual tax liability. However, such a determination would be outside the scope of these proceedings. Petitioner takes issue with the portion of the presentence report which states that the IRS "estimates" a certain tax liability; not that he in fact owes any tax. Accordingly, this court only need determine whether an "estimate" was made by the IRS and if so, whether it was accurately reflected in the presentence report, in order to "comply with Rule 32(c)(3)(D)." [emphasis added].

The district court then outlined the IRS procedures for estimating tax liability and noted that it was the IRS policy to defer tax liability determinations until after sentencing. The court concluded that "the IRS did make an 'estimate' of tax liability

---

1. For a more complete statement of the facts,     see *Kramer II*, 788 F.2d at 1229–30.

and that fact was accurately stated in the presentence report. Therefore, the presentence report was accurate as to the disputed matter. Further, because petitioner's § 2255 petition and his Rule 35(a) motion are premised on the alleged inaccuracy of the presentence report, both the petition and the motion are denied."

The court went on to explain that Kramer should not be treated by the Parole Board as if he owed $329,000.00 in taxes: "the Board apparently treated petitioner as if he were tried and convicted of income tax evasion, when in fact he was charged only with failure to file tax returns and with filing a false document with the IRS."

Kramer then filed an "Emergency Motion For Compliance" with this court's order on remand asserting that the district court did not make the "required determination" of whether he actually owed $329,-000.00. We now agree with the argument made by both the petitioner and the government below, but find that error harmless.

## II.

■ The purpose of Rule 32 is to ensure that the defendant's sentence is based on accurate and reliable information and that subsequent recipients of the report are aware of whatever resolutions occurred at sentencing. *United States v. Eschweiler,* 782 F.2d 1385, 1388 (7th Cir.1986). Subsection (D) of the Rule sets up a procedure to *resolve* any disputed fact in the presentence report. *Id.* If there is no resolution of the dispute then the district court must make a written determination that the disputed matter will not be relied on for sentencing and attach it to the presentence report. *Id.*

On remand, the district court made a determination only that the statement "the IRS estimates" that Kramer owes over $320,000.00 was "accurate," in that the IRS had made such an estimation. The district court specifically rejected the petitioner's argument that the court was required, if it did not simply attach a written statement that the court did not rely on the disputed

information, to determine the accuracy of the actual amount of taxes owed.

The district court's conclusion was error, but as Section III of this opinion explains, it was harmless. Rule 32(c)(3)(D) requires that any information in the presentence report that is relied upon in sentencing to be substantively accurate. For example, if the presentence report stated "there is a rumor that the defendant committed a murder in addition to the crime charged," and the defendant disputed that statement, it is not enough for the district court to determine solely if there is such a rumor—*if* the judge is relying on the rumor. If the rumored murder is a factor in increasing the defendant's sentence, even if he is being sentenced for a wholly unrelated crime, the district court must hold a hearing and "make written findings concerning the disputed matter." *Eschweiler,* 782 F.2d at 1388.

In this case, if the district court were to rely on the IRS "estimation" of tax owed, then the court must hold a hearing to determine *for purposes of sentencing* how much tax is actually owed. That might be a difficult determination, but one which is clearly required if the information is relied upon to determine the length of a defendant's sentence. To hold otherwise would eviscerate the purpose of Rule 32. It would allow the court to rely on information whose accuracy and reliability is questioned. To rely on a disputed assertion of one party without resolving the dispute by making written findings of fact and law would clearly violate the letter and spirit of Rule 32. More importantly, it would violate the very essence of the judge's role in the adversarial process: to question assertions, to reflect before relying.

In this case the district court restated the obvious: the IRS did make an estimate that Kramer owed $329,000.00 in taxes. But Kramer was not convicted for a failure to pay taxes, only a failure to file. Thus, there was little evidence at trial, and no judicial determination, of what he actually owed. The fact that the IRS, as a policy matter, defers any determination of tax

liability until after sentencing is only an argument for not relying on their "estimate" at sentencing. The IRS policy is not relevant to any specific determination as required by Rule 32.

To put it most directly, district courts cannot rely on the disputed assertions of one party when sentencing. It is necessary for the court to determine whether the substance of the assertion is accurate. The form the assertion is in, no matter how inviting, cannot overcome that necessity.

### III.

■ The district court's failure to determine the accuracy of the IRS's assertion that Kramer owed $329,000.00 was harmless, however, because the court made a written finding in the opinion below that the amount owed was not relied on in sentencing. In a footnote the district court stated in part:

> The [appellate] court categorizes this case as one in which the record is unclear whether the sentencing judge relied on the information alleged to have been inaccurate because that is how the court of appeals has construed the record. *Kramer*, 788 F.2d at 1230. However, this court neither considered the disputed statement in the presentence report when sentencing petitioner nor held against him that he may have owed taxes.

The district court then ordered that a "copy of these findings and conclusions is to be appended to the presentence report."

We hold that this statement satisfies Rule 32(c)(3)(D). While Rule 32 contemplates that if an assertion will not be relied on, a finding to that effect will be made before or contemporaneously with the sentencing, we find the rule satisfied in this case given its complicated procedural position. *See Kramer II*, 788 F.2d at 1231–32.

We also defer to the district court's factual finding that "the [Parole] Board apparently treated petitioner as if he were tried

and convicted of income tax evasion, when in fact he was charged only with failure to file tax returns and with filing a false document with the IRS." In order to correct this error, the Parole Board should only consider that portion of the presentence report which does not contain the amount Kramer allegedly owes. As the district court suggested, the "estimate" should be deleted and the Parole Board should take whatever steps are necessary to redetermine petitioner's parole eligibility.[2]

### IV.

This opinion, and the district court's opinion below, should both be attached to the presentence report. The district court's order is affirmed. As we did in *Kramer II*, we order the mandate issued immediately. The Parole Board should reevaluate petitioner's parole eligibility.

---

**2.** Unlike *United States v. Mittelsteadt*, 790 F.2d 39, 41 (7th Cir.1986) our jurisdiction is based on the petitioner's valid Rule 32(c)(3)(D) claim, the purpose of which was to challenge the information relied on in Kramer's presentence report.