**UNITED STATES of America**

v.

**William B. VOGT.**

**Crim. No. 85–490.**

United States District Court,
E.D. Pennsylvania.

Feb. 3, 1987.

**498**

Joel M. Friedman, Ronald G. Cole, Office of U.S. Atty., Philadelphia, Pa., for U.S.

F. Emmett Fitzpatrick, Philadelphia, Pa., for Vogt.

### ORDER—MEMORANDUM

LUDWIG, District Judge.

Defendant moves for correction and reduction of sentence under Fed.R.Crim.P. 35(a) and (b). The motion is ruled on as follows:

The transcript of the sentencing proceeding held March 18, 1986 and a copy of this order are directed to be appended to and shall accompany the presentence investigation report and shall be made available to the Bureau of Prisons and the Parole Commission. Otherwise, the motion is denied.

On January 24, 1986 defendant was found guilty by a jury of filing false individual income tax returns for 1980, 1981, and 1982. 26 U.S.C. § 7206(1). On March 18, 1986 he was sentenced to three years imprisonment, five years probation, a fine of $10,000 and restitution as determined by the Internal Revenue Service. Bail was revoked, and defendant surrendered himself shortly after sentencing. The mandate of affirmance occurred December 1, 1986.

The present motion was filed January 9, 1987 and answered January 14.

The motion states that defendant's offense has been given a category 5 severity rating because the Parole Commission determined the amount of the tax evasion to be more than $100,000 but not more than $500,000. *According to the motion, that determination was based solely on the presentence investigation report, which said that the Internal Revenue Service had calculated defendant's tax liabilities, interest, and penalties for the three years to be in the total amount of $496,334.49.* The motion asserts that defendant's projected release date for a category 5 offense is April 14, 1988 and that if the tax evasion were for a lesser amount than $100,000, a category 2 severity rating, he would be eligible for release in March, 1987. The motion notes that at sentencing defendant's motion to delete from the presentence report the income tax liability calculations of the Internal Revenue Service—because they were not based on any evidence received at trial—was refused.[1] I stated:

> "So if you're requesting that I not consider such information for the purpose of sentence, I will certainly entertain that request, but I'm not going to direct that something be removed from the report.... The report has already been made, but I am disinclined to consider for sentencing purposes information that is not derived from the trial or from evidence that is produced in the sentencing proceeding itself."[2] Tr., Mar. 18, 1986

The present motion, under Rule 35(a), requests that the "dollar figure" of the amount claimed by the Internal Revenue Service be ordered deleted from the presentence report and that the Parole Commission be instructed not to consider the figure in determining defendant's offense category, citing *Kramer v. United States*, 798 F.2d 192 (7th Cir.1986) and *United States*

---

1. Defendant, a regional advertising manager of Sears Roebuck and Company, was acquitted of two Hobbs Act charges of extorting $489,000 from printing contractors during the same time period as the tax evasions.

2. Defendant's counsel then said: "For the purpose of this proceeding, I think that certainly is satisfactory. If there is any future consequence ... I shall file a formal petition."

*v. Profaci,* Cr. No. 84– 215, slip. op. (D.N.J. Apr. 25, 1986).[3]

In *Kramer,* the sentencing judge's statement, upon remand, that he had not considered the I.R.S. estimate of income taxes due was held to be sufficient to satisfy Rule 32(c)(3)(D). The Court of Appeals suggested that the Parole Commission redetermine defendant's parole eligibility and disregard the disputed tax estimate. In that case, defendant was convicted of failure to file—not tax evasion—but the Parole Commission had computed his minimum custody as though he had been sentenced for the latter.[4]

At sentencing, I heard no evidence and did not make a finding as to the amount of defendant's tax liability. With respect to the offense category rating, the Parole Commission should not rely on the sentencing proceeding or the figures set forth in the presentence report.[5] It should make an independent determination.[6]

Under Rule 35(b), defendant's motion also seeks a reduction of sentence because of his excellent behavior in prison, the effect of his imprisonment on his family, his age—50—and lack of a prior record. These factors may be considered for parole, but are not enough in my view to justify a sentence reduction in this case. *See United States v. Mariano,* 646 F.2d 856 (3d Cir.1981), *cert. denied,* 454 U.S. 856, 102 S.Ct. 304, 70 L.Ed.2d 150 (1982).

---

3. Rule 35(a) may raise noncompliance with Rule 32(c)(3)(D). *E.g., United States v. Papajohn,* 701 F.2d 760 (8th Cir.1983).

4. In *Profaci,* the sentencing guidelines were applied to include offenses of which defendant had been acquitted.

5. The indictment for tax evasion charged that defendant had "substantial income" in addition to that reported but did not charge specific amounts.

6. In order to comply with Rule 32(c)(3)(D), this order directs that it be appended to and accompany the presentence report, together with the sentencing proceeding transcript, and that it be made available to the Parole Commission.