**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles L. GOLIGHTLY, Defendant-Appellant.**

**No. 86–1793.**

United States Court of Appeals, Tenth Circuit.

Feb. 17, 1987.

Charles L. Golightly, pro se.

Roger Hilfiger, U.S. Atty., and Paul G. Hess, Asst. U.S. Atty., Muskogee, Okl., for plaintiff-appellee.

Before LOGAN and MOORE, Circuit Judges, and ROGERS, District Judge.*

---

* The Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 34.1.8(c) and 27.- 1.2. The cause is therefore ordered submitted without oral argument.

The defendant, an inmate at the Federal Correctional Institute at Fort Worth, Texas, appeals from the order of the district court entered May 12, 1986, denying motions challenging his sentencing under Fed. R.Crim.P. 35 and 32(c)(3)(D).[1]

■ The defendant alleged in his Rule 35 motion that his sentences were imposed in an illegal manner. That motion was untimely. A motion to correct or reduce a sentence imposed "in an illegal manner" may only be made within 120 days after either the date of sentence or the date of the final appellate disposition having the effect of upholding the judgment of conviction. Fed.R.Crim.P. 35(b).[2] Nearly a year transpired between sentencing and the filing of the Rule 35 motion. No appeal was ever taken from the defendant's judgment of conviction.

The defendant's Rule 32(c)(3)(D) motion requested that the district court provide a "written determination that controverted matters which are factually inaccurate be removed from the presentence investigation reports." Although the motion is not a model of clarity, it appears that the defendant sought a written record reflecting his challenge to certain information contained in the presentence investigation re-

port, information that indicated he committed arson in violation of 18 U.S.C. §§ 842 and 844(i).

■ In ruling on a Rule 32(c)(3)(D) motion, the sentencing judge must meet two requirements: (1) make written findings concerning disputed information or a written determination that no such findings are necessary because the disputed information is not relied upon for sentencing, and (2) attach the findings or determination to the presentence report. *United States v. Edwards*, 800 F.2d 878, 881 (9th Cir.1986) (citations omitted); *see also Kramer v. United States*, 798 F.2d 192, 193 (7th Cir. 1986) (citation omitted). Although the district court held there were no inaccuracies in the presentence report, it did not recite defendant's contentions and make the specific written findings or determination required by the rule.

The purpose of Rule 32 is to ensure that the defendant's sentence is based on accurate and reliable information and that subsequent recipients of the report are explicitly and specifically apprised of the court's basis for the sentence imposed. *See Kramer*, 798 F.2d at 194. The Advisory Committee notes to Rule 32 indicate that the presentence report is important to effective correctional treatment and is used to make critical custodial determinations. Advisory Committee Notes to Rule 32(c)(3)(A) (1974 amendment) and to Rule 32(c)(3)(D) (1983 amendment). The findings must be adequately detailed for this purpose and use.[3]

---

1. Fed.R.Crim.P. 35 and 32 have been amended effective November 1, 1987, by the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, Title II, § 215, 98 Stat. 2014. See also the Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728 (extending effective date of the Comprehensive Crime Control Act one year, to November 1, 1987).

2. Section 215(b) of the Comprehensive Crime Control Act essentially repeals the provisions of current Rule 35(b), substituting appellate review for the district court's reconsideration, and providing for district court correction of sentence

on remand. Pub.L. No. 98–473, Title II, § 215(b), 98 Stat. 2015 (1984).

3. The amendments to Rule 32 by § 215(a) of the Comprehensive Crime Control Act do not change the purpose or use of the presentencing investigation report and, if anything, serve to make its purpose more explicit, specifying that the report shall contain "information ... that may be helpful in imposing sentence or in the correctional treatment of the individual." Pub.L. No. 98–473, Title II, § 215(a), 98 Stat. 2014 (1984) (to be codified as amended at Fed. R.Crim.P. 32(c)(2)(A)).

The judgment of the United States District Court for the Eastern District of Oklahoma entered on May 12, 1986, is AFFIRMED insofar as it denies the defendant's Fed.R.Crim.P. 35(a) motion. The matter is REMANDED for production of an adequate written record that comports with the requirements of Rule 32(c)(3)(D).