959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bryan James CAREL, Defendant-Appellant.
 No. 91-6238.
 United States Court of Appeals, Tenth Circuit.
 April 3, 1992.
 
 Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals the district court's denial of his motion, asserted pursuant to Fed.R.Crim.P. 32, to amend his presentence report. That motion requested that the district court strike information in the report which, in light of newly obtained evidence, was inaccurate. The district court had jurisdiction, under Rule 32, to consider this motion. United States v. Hart, 922 F.2d 613, 615 (10th Cir.1990) (citing United States v. Golightly, 811 F.2d 1366 (10th Cir.1987)). Upon consideration of the record and the parties' arguments, we affirm the district court's decision.
 
 
 3
 In 1989, Defendant pled guilty to one count of filing a false income tax return, 26 U.S.C. § 7201, and one count of filing a false statement with the Federal Aviation Administration (FAA), 18 U.S.C. § 1001. The presentence report indicated that these convictions stemmed from Defendant's involvement in illegal drug activities. Specifically, the presentence report asserted, among other things, that Defendant was involved in the purchase and resale of aircraft to drug traffickers. In support of this contention, the presentence report documented Defendant's purchase of several airplanes which he in turn sold to "drug smugglers." According to the report, authorities seized one of these airplanes in Roswell, New Mexico, loaded with twenty-two kilograms of cocaine.
 
 
 4
 Following a sentencing hearing, held October 10, 1989, the district court sentenced Defendant to five years' imprisonment on each count, with the second term of imprisonment suspended on the condition that Defendant serve a five-year term of probation, to run consecutively to the first five-year prison term. III R. at 10. Defendant did not pursue a direct appeal.
 
 
 5
 Defendant filed this Rule 32 motion on June 5, 1991, seeking amendment of the presentence report through deletion of language connecting Defendant to the sale of the airplane seized in New Mexico. In support of this motion, Defendant asserted that he had newly obtained evidence, in the form of a newspaper article, published in the Roswell (N.M.) Daily Register on March 21, 1986, which identified the seized airplane as a "single engine 1979 Aero Commander." See I R. doc. 20, ex. 1. Defendant further asserts that FAA records indicate that the airplane referred to in the presentence report, "an Aero Commander (N46906)," Supp.I R., doc. 6, ex. B, is a 1959 twin-engine aircraft, I R. doc. 20, exs. 1a and 1b. According to Defendant, this evidence establishes that the cocaine-laden airplane seized in New Mexico was not the same airplane that he purchased and then resold in 1985.
 
 
 6
 On appeal, Defendant first argues that the district court violated Rule 32 by failing to make specific factual findings, at the sentencing hearing, concerning Defendant's connection with the airplane seized in New Mexico. Rule 32(c)(3)(D) requires a sentencing court either to make findings or to determine that findings are unnecessary because the court will not consider the disputed issue in sentencing only "[i]f the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report."
 
 
 7
 Although Defendant's attorney, at sentencing, questioned the presentence report's conclusion that Defendant's convictions resulted from his involvement in illegal drug activities and challenged the report's imputing to Defendant knowledge of his customers' drug trafficking, III R. at 4-6, neither Defendant nor his attorney ever objected to the information in the presentence report linking Defendant to the purchase and resale of the airplane seized in New Mexico. Failure to raise a factual dispute before the district court at sentencing constitutes a waiver of that issue. See United States v. Saucedo, 950 F.2d 1508, 1518 (10th Cir.1991); see also United States v. Rantz, 862 F.2d 808, 814-15 (10th Cir.1988), cert. denied, 489 U.S. 1089 (1989).
 
 
 8
 Defendant further contends, however, that his attorney provided ineffective assistance by failing to object to this information in the presentence report linking Defendant to the seized plane. In order to establish that his counsel was constitutionally ineffective, Defendant must prove both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it falls below an objective standard of reasonableness. Id. at 688. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland, 466 U.S. at 689). Our review of the ultimate legal issues involved is plenary. United States v. Miller, 907 F.2d 994, 996 (10th Cir.1990).
 
 
 9
 Defendant fails to assert any basis, of which defense counsel knew or reasonably should have known at the time of sentencing, which would have supported an objection to the information in the presentence report linking Defendant to the seized airplane. Although defense counsel does have a duty to make a reasonable investigation of the facts or to make a reasonable decision that a particular investigation is unnecessary, Strickland, 466 U.S. at 691, the reasonableness of an attorney's investigation or decision not to investigate " 'is directly related to the information the defendant ... supplie[s].' " Miller, 907 F.2d at 999 (quoting Coleman v. Brown, 802 F.2d 1227, 1233 (10th Cir.1986), cert. denied, 482 U.S. 909 (1987)). Defendant was certainly in a better position than defense counsel to know whether Defendant was involved in a transaction for the purchase and resale of an airplane and, if so, what type of aircraft was involved in that transaction. Defendant does not assert that defense counsel disregarded any information provided by Defendant before sentencing which would have supported an objection to this information or that would have indicated to counsel that further investigation of that information was necessary. Review of the record, thus, fails to reveal any ineffective representation.
 
 
 10
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3