989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael HUWALDT, Defendant-Appellant
 No. 91-3440.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1993.*
Decided March 18, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Michael Huwaldt, a federal prisoner, moved to vacate his sentence pursuant to Federal Rules of Criminal Procedure 32 and 35, alleging that false statements and inaccuracies contained in his presentence report resulted in the imposition of an illegal sentence. The district court ruled that neither Rule 32 nor Rule 35 provided an appropriate vehicle for Huwaldt to address his claim and so construed his claim under 28 U.S.C. § 2255. Finding that Huwaldt had procedurally defaulted, the district court denied relief. We affirm.
 
 I. BACKGROUND
 
 2
 In 1979, Huwaldt and co-defendant, Glen Richards, were charged with conspiring to distribute PCP and with distributing and possessing with the intent to distribute PCP. Huwaldt was charged with two additional counts: possession of a firearm during the commission of a felony and possession with intent to distribute cocaine. Huwaldt went to trial and was convicted on all but two counts. Richards pled guilty and was sentenced to six-months' work release, five years' probation, and three years' special parole. Richards did not testify at Huwaldt's trial.
 
 
 3
 A presentence investigation report ("PSI") was prepared, to which Huwaldt's attorney filed an eight-page document outlining various objections. The district court sentenced Huwaldt to six years imprisonment on each of four counts to run concurrently. In addition, the court suspended the imposition of sentence on the firearm conviction and placed Huwaldt on five years' probation. This court affirmed Huwaldt's conviction in an unpublished order, United States v. Michael Huwaldt, No. 79-1591, (7th Cir. April 7, 1980), and the United State Supreme Court denied his petition for certiorari. Huwaldt v. United States, 449 U.S. 834 (1980). Huwaldt then filed a motion under Rule 35(b) for a reduction in sentence. The court held a hearing on the motion, denied reduction, and ordered Huwaldt to surrender on April 17, 1981 to begin service of his sentence.
 
 
 4
 Huwaldt did not surrender and remained a fugitive until apprehended on July 26, 1990. At that time, he began serving his sentence. After learning that there was no PSI in his prison file, Huwaldt filed a motion to obtain a copy and to have a revised PSI completed. In November 1990, the district court ordered that Huwaldt receive a copy of the PSI and that a revised post-sentence report be completed. On June 26, 1991, Huwaldt filed a pro se motion pursuant to Rule 32 alleging: (1) that he was sentenced on the basis of false statements and inaccuracies contained in the presentence report, (2) that the amendments to Rule 32 constitute an intervening change in the law such that the sentencing court's failure to provide the protections now guaranteed raises a cognizable claim under 28 U.S.C. § 2255, (3) that the court was not made aware of inaccuracies within the exclusive knowledge of the defendant because he was not provided an opportunity prior to sentencing to review the PSI, (4) that the PSI remains inaccurate because the sentencing court's resolution of the objections filed by Huwaldt's attorney is not appended, and finally (5) that the disparity in sentencing establishes that Huwaldt was prejudiced by the alleged false statements and inaccuracies.
 
 
 5
 On July 10, 1991, Huwaldt filed a pro se motion under Rule 35(a) entitled "Motion to Correct An Illegal Sentence." This motion reiterated Huwaldt's contention that the disparity in sentencing establishes that his sentence was imposed erroneously. He further requested resentencing based upon his record (pre- and post-conviction) and citing scarce prison resources and other policy justifications, requested the imposition of an alternative to incarceration such as restitution, community service, or probation.
 
 
 6
 The district court summarily denied both motions and alternatively construed Huwaldt's claim as a motion under 28 U.S.C. § 2255, but found that he could show no cause for and prejudice from failing to raise the issues presented on direct appeal. On appeal, Huwaldt argues that the court erred in ruling that it was without jurisdiction to hear a motion brought under Rule 32.[1] Alternatively, he asserts that his claim should be construed under 28 U.S.C. § 2255 and that he has demonstrated cause and prejudice for his procedural default.
 
 II. ANALYSIS
 
 7
 Huwaldt was sentenced in 1979, four years before the 1983 amendments to Rule 32 became effective. As presently formulated, Rule 32 does requires that the defendant be given the opportunity to personally view his PSI. The failure to provide Huwaldt this opportunity did not violate due process, however, especially when his attorney reviewed the report and filed specific factual objections to it. For this reason, the Rule has not been given retroactive effect. See Johnson v. United States, 805 F.2d 1284, 1288 (7th Cir.1986) (refusing to elevate the amendment which required that defendants be given the opportunity to personally see their PSIs, to constitutional status, thereby potentially giving the amendment indefinite retroactive effect). Accordingly, Huwaldt is not entitled to benefit from the Rule 32 amendments. Moreover, any challenge to an alleged violation of Rule 32 not made on direct appeal is a collateral attack, which will afford relief not for a violation of the Rule as such, but only if the violation denied the defendant's right to due process of law.[2] Id. at 1287; see Kramer v. United States, 798 F.2d 192, 193 (7th Cir.1986) (considered the merits of a Rule 32 violation presented in a motion under 28 U.S.C. § 2255).
 
 
 8
 Insofar as Huwaldt purports to challenge his sentence under Rule 32, the essence of his claim is based on the constitutional due process right to be sentenced on the basis of accurate information, see Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989); United States v. Tucker, 404 U.S. 443, 447 (1972), which the district court properly characterized as a motion for postconviction relief under section 2255. See Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991). In order to prove a due process violation, Huwaldt must show that the information before the sentencing court was false and that the court relied on that false information in determining his sentence. Theodorou, 887 F.2d at 1339; United States v. Kovic, 830 F.2d 680, 685 (7th Cir.1987), cert. denied, 484 U.S. 1044 (1988). The only falsity Huwaldt complains of in his appellate brief[3] is a statement attributed to his co-defendant that "on every case that he obtained drugs to sell to the DEA Agent, these drugs were obtained from the defendant, Michael Huwaldt." (Br. at 9 & PSI at 4).
 
 
 9
 When a prisoner attacks his sentence by raising constitutional issues for the first time in a section 2255 proceeding, he must show both cause for failing to raise the alleged errors which could have been raised on direct appeal and actual prejudice resulting from the alleged constitutional violation. Theodorou, 887 F.2d at 1339; Kovic, 830 F.2d at 683; Williams v. United States, 805 F.2d 1301, 1306-07 (7th Cir.1986) (extended cause and prejudice standard to new issues raised by defendants when attacking their sentences in a section 2255 proceeding), cert. denied, 481 U.S. 1039 (1987). Huwaldt concedes that he has procedurally defaulted by not raising these sentencing issues on direct appeal.
 
 
 10
 To establish cause, Huwaldt asserts that because he was not given the opportunity to review his PSI prior to sentencing, he was unable to inform his attorney of the false statements and factual inaccuracies of which he complains. Huwaldt further contends that this information was unique to him, so that the only way his attorney would have been aware of it would have been if Huwaldt had reviewed the report or his attorney had discussed the report with him in detail, neither of which occurred according to Huwaldt. Under these circumstances, he argues that the mere fact that his attorney reviewed the PSI and filed objections does not eliminate a due process violation. Even if we accept the petitioner's assertion that he did not read or discuss his PSI with his attorney prior to sentencing, however, it is not sufficient to show cause. The issue is not whether the defendant raised the issue, but whether it could have been raised. Theodorou, 887 F.2d at 1340 (quoting Williams, 805 F.2d at 1308). The record clearly indicates that his counsel read the PSI and filed an eight-page list of specific factual objections to it. There is also evidence that Huwaldt had knowledge of his PSI and of the potentially prejudicial information it contained.[4] The only impediment to raising this particular issue in addition to those raised appears to be Huwaldt's failure to request to see his PSI or his counsel's failure to request to see his PSI or his counsel's failure to show it to him. Neither of these impediments can be classified as an objective factor external to the defense in support of establishing cause for procedural default. See Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 11
 In his appellate brief, Huwaldt continually refers to his co-defendant's statement as "the highly prejudicial and inculpatory statement." (Br. at 5, 8, 16). Even if we assumed that the statement is inaccurate,[5] Huwaldt has failed to establish a reasonable probability that his sentence would have been different had the judge been made aware of the inaccuracy. See, e.g., Belford v. United States, 975 F.2d 310, 314 (7th Cir.1992) ("prejudice" under the cause and prejudice test means that there is a "reasonable probability" that if the petitioner had appealed he would have won). He baldly asserts that the failure of counsel to raise the false statement before the sentencing judge undoubtedly had an adverse effect on his sentence. In support, he argues only that "it is foolish to assume that the late Honorable Judge Crowley did not base his sentence on the information in Huwaldt's PSI, in light of the disparity of sentences between Huwaldt and Richards and the disparity of criminal backgrounds." The mere fact of disparity in sentencing co-defendants is not sufficient to establish prejudice to overcome procedural default. See id. In fact, proof of sentence disparity alone does not even meet the threshold standard required of the petitioner to show that it is "not improbable that the trial judge was influenced by improper factors in imposing sentence." See Kovic, 830 F.2d at 687 (citing Rizzo v. United States, 821 F.2d 1271, 1274 (7th Cir.1987) (quoting United States v. Harris, 558 F.2d 366, 374-75 (7th Cir.1977))); see also United States v. Morris, 957 F.2d 1391, 1403 (7th Cir.1992) (sentence disparity alone is insufficient to demonstrate that the sentencing judge abused his discretion). Therefore, Huwaldt has failed to demonstrate that he suffered actual prejudice as a result of the alleged inaccuracies in his presentence report and thus, is not entitled to collateral relief.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The record indicates that no appeal was taken from the denial of Huwaldt's Rule 35 motion
 
 
 [2]
 Although this court has not expressly held whether the district court has jurisdiction to hear a Rule 32 motion standing alone, we have allowed § 2255 to serve as an appropriate procedural vehicle for raising a post-judgment collateral attack on one's sentence. Kramer v. United States, 798 F.2d 192, 193 (7th Cir.1986); see Levesque v. Brennan, 864 F.2d 515, 517 (7th Cir.1988); Johnson, 805 F.2d at 1287. Other circuits have held that the district court does not have jurisdiction to hear a postconviction challenge to the PSI brought under Rule 32. See, e.g., United States v. Engs, 884 F.2d 894, 895 (5th Cir.1989); United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir.1989); United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988); United States v. Fischer, 821 F.2d 557, 558 (11th Cir.1987); United States v. Williams, 618 F.Supp. 1419, 1420 (E.D.Va.1985), aff'd, 785 F.2d 306 (4th Cir.1986). Contra United States v. Hart, 922 F.2d 613, 615 (10th Cir.1990) (held that Rule 32, standing alone, does give a district court jurisdiction to correct inaccuracies in a PSI report)
 
 
 [3]
 Huwaldt listed eight separate and specific alleged inaccuracies in his Rule 32 motion. He has not renewed these issues on appeal
 
 
 [4]
 There is evidence that Huwaldt's attorney did discuss the PSI report with Huwaldt, however, the extent of such discussion is unknown. According to Huwaldt, his attorney told him after reading the PSI, "your probation officer doesn't like you." (Postsentence Report, at 4, quote from Huwaldt's personal statement)
 
 
 [5]
 Although Huwaldt does not explain how his co-defendant's statement was inaccurate, he does refer to certain evidence brought out at trial concerning his co-defendant's independent sales to DEA agents one month before the first sale charged in Huwaldt's indictment (indicating that not all the PCP Richards obtained to sell to the DEA agent came from Huwaldt). (Appellant's Br. at 7) (citing United States v. Huwaldt, No. 79-1591, at 6-7, (7th Cir. April 7, 1980))