37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harry Edward THOMAS, Defendant-Appellee.
 No. 94-4055.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1994.
 
 Before ANDERSON, MCKAY and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BRORBY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The defendant, Harry Edward Thomas, brings this appeal challenging the district court's denial of his Fed.R.Crim.P. 32(c)(3)(D) motion. We affirm.
 
 
 3
 The relevant facts are undisputed. Mr. Thomas was convicted of sixteen counts of willfully aiding and assisting in the filing of fraudulent tax returns in violation of federal law. On March 22, 1991, Mr. Thomas was sentenced. Mr. Thomas appealed and his sentence was affirmed by this court. Subsequently, he filed a Rule 32(c)(3)(D) motion seeking to have his presentence investigation report amended to correct several alleged inaccuracies. The district court denied Mr. Thomas' motion.
 
 
 4
 In United States v. Warner, 23 F.3d 287 (10th Cir.1994), the en banc court expressly overruled United States v. Hart, 922 F.2d 613, 615 (10th Cir.1990), and voted unanimously that Rule 32(c)(3)(D) does not provide an independent jurisdictional basis for attacking the accuracy of a [presentence report] once sentence has been imposed." Warner, 23 F.3d at 290 n. 3. The only jurisdictional basis offered by Mr. Thomas for his post-sentence motion is Rule 32(c)(3)(D). Accordingly, we conclude that the district court lacked subject matter jurisdiction to entertain that motion. The district court's denial of Mr. Thomas' motion is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470