72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harry Edward THOMAS, Defendant-Appellant.
 No. 95-4027.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 
 
 2
 THOMPSON, District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Defendant Harry Edward Thomas appeals from the district court's dismissal of his motion for relief from illegal sentence, requesting that the written sentencing order identify the statute under which he was sentenced, and the presentence report be amended to correct several alleged inaccuracies. He filed the motion pursuant to 28 U.S.C. 2255 and the version of Fed.R.Crim.P. 35 then in effect, in this case arising prior to the effective date of the federal sentencing guidelines. In a prior appeal, this court held the district court was without jurisdiction to entertain a similar motion filed pursuant to Fed.R.Crim.P. 32(c)(3)(D) after sentence was imposed. United States v. Thomas, 37 F.3d 1510 (10th Cir.1994)(table).
 
 
 5
 Rule 35[2] permits an illegal sentence to be corrected at any time, but requires a motion to correct a sentence imposed in an illegal manner to be filed within 120 days after receipt of a mandate issued upon affirmance of the judgment. Defendant filed his motion to correct illegal sentence on October 7, 1994, following our February 23, 1993 order and judgment affirming defendant's conviction and sentence. On October 11, 1994, the district court entered a second amended judgment identifying the applicable sentencing statute, an order the parties agree was to correct an illegal sentence.
 
 
 6
 We reject defendant's argument that the order amending the sentencing document rendered timely his request to correct a sentence imposed in an illegal manner. The request to correct the presentence report was untimely under Rule 35. Therefore, the order denying the motion was correct. United States v. Golightly, 811 F.2d 1366, 1367 (10th Cir.1987)(applying former version of Rule 35); accord United States v. Gattas, 862 F.2d 1432, 1433 n. 3 (10th Cir.1988).
 
 
 7
 We turn to defendant's claim that he is entitled to pursue his claims under 2255. We review de novo the district court's conclusions of law in 2255 proceedings. United States v. Kissick, 69 F.3d 1048, 1051 (10th Cir.1995).
 
 
 8
 Defendant raised in his direct criminal appeal the argument that the amount of loss to the government was not established. United States v. Thomas, 986 F.2d 1431 (10th Cir.1993)(table). Therefore, he is barred from raising that issue again in his 2255 motion. United States v. Warner, 23 F.3d 287, 291 (10th Cir.1994).
 
 
 9
 The parties agree that the remaining issues were not raised in defendant's direct criminal appeal. The government contends that defendant is procedurally barred from raising those claims for the first time in his 2255 motion.
 
 
 10
 Issues not raised in a direct appeal cannot be raised in a 2255 motion absent a showing of cause and prejudice or a fundamental miscarriage of justice. United States v. Cook, 997 F.2d 1312, 1320 (10th Cir.1993)(citing United States v. Frady, 456 U.S. 152, 165 (1982)). Procedural bar can be raised initially at the appellate stage. See United States v. Allen, 16 F.3d 377, 378, 379 n. 2 (10th Cir.1994). Generally, a movant must be afforded an opportunity to respond to the procedural bar defense. Hines v. United States, 971 F.2d 506, 509 (10th Cir.1992).
 
 
 11
 Defendant has responded to the government's claim that he is precluded from raising issues here that were not included in his direct criminal appeal. He contends his appellate counsel was unable to obtain portions of the record before the briefs on appeal were due, and he did not discover until preparing for a parole hearing that the district court's findings were not appended to the presentence report. He also claims appellate counsel was not given the presentence report.
 
 
 12
 Cause sufficient to avoid a procedural bar may be established if a defendant can show that the factual bases for his claims were not available to him. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Defendant must show that an impediment external to the defense prohibited him from uncovering the factual bases for his claims. Id.; see also Murray v. Carrier, 477 U.S. 478, 492 (1986)("[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim.").
 
 
 13
 Here, defendant does not assert that the factual bases for his claims were unknown to him. Indeed, he argues that those bases were brought to the attention of the district court prior to sentencing. Appellant's opening br. at 13-14, reply br. at 15; see appellant's app. at 84-92. Similarly, defendant's claim that the presentence report "was never given" to his appellate counsel, reply br. at 12, is not an external impediment; clearly counsel was aware that the report existed because defendant argued on direct appeal that the report was incorrect.
 
 
 14
 As for his claim about when he discovered the district court's findings were not appended to the presentence report, defendant does not seek an order requiring the district court to append those findings. Moreover, the district court ordered a transcript of the sentencing hearing and other clarifying documents to be attached to the presentence report for use by the Bureau of Prisons and the Parole Commission. As noted above, defendant claims he raised at or before the sentencing hearing all of the claims he seeks to pursue here. Accordingly, we are not persuaded by his apparent claim that he could not have discovered the alleged errors prior to his direct criminal appeal. See, e.g., Gattas, 862 F.2d at 1435 (holding 2255 proper vehicle for sentencing court's failure to attach determination of disputed matters to presentence report because problem may not reasonably be discovered until long after sentencing).
 
 
 15
 We conclude that defendant cannot establish cause for failing to raise in his direct criminal appeal the following claims of error in the presentence report: (1) the amount of loss suffered by the investors, (2) whether the investors received restitution, (3) whether the investors lost retirement funds, (4) whether defendant misused assets for personal gain, and (5) whether the tax professionals involved believed the tax treatment was proper. Therefore, we do not reach the merits of defendant's claims. Cf. Schlup v. Delo, 115 S.Ct. 851, 862-63 (1995)(where petitioner does not show cause and prejudice, habeas court ordinarily may not reach merits).
 
 
 16
 Finally, we address defendant's argument that the government is precluded from raising arguments on appeal that were not presented to the district court. Our "broad power to affirm [the district court] includes any ground for which there is record to support conclusions of law," even if not argued by the appellee. Hernandez v. Starbuck, 69 F.3d 1089, 1093 (10th Cir.1995).
 
 
 17
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [2]
 Fed.R.Crim.P. 35 was amended subsequently