UNITED STATES COURT OF APPEALS
**Filed 7/29/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

HARRY EDWARD THOMAS,

      Defendant-Appellant.

No. 95-4176
(D.C. Nos. 95-CV-727
& 89-CR-218)
(D. Utah)

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Harry Edward Thomas, representing himself, appeals from the district court's dismissal of his motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This is appellant's fourth trip to this court. In 1990 he was convicted of, and in 1991 sentenced on, sixteen counts of willfully aiding and assisting in the filing of fraudulent tax returns in violation of federal law. Since then, this court has affirmed appellant's conviction and sentences, United States v. Thomas, No. 91-4061, 1993 WL 53600 (10th Cir. Feb. 23, 1993), the district court's denial of appellant's subsequent motion under Fed. R. Crim. P. 32(c)(3)(D) to retroactively amend his presentence report, United States v. Thomas, No. 94-4055, 1994 WL 551337 (10th Cir. Oct. 11, 1994), and the district court's denial of appellant's October 7, 1994 motion for relief from illegal sentence filed under 28 U.S.C. § 2255, United States v. Thomas, No. 95-4027, 1995 WL 747423 (10th Cir. Dec. 18, 1995).

In this appeal from the denial of his second § 2255 motion, appellant argues his conviction and sentences violated the Double Jeopardy Clause of the Fifth Amendment because he had already been punished twice for the same offense. Citing Austin v. United States, 509 U.S. 602, ___, ___, 113 S. Ct. 2801, 2806, 2812 (1993), appellant asserts he was punished for the first time when the Securities and Exchange Commission (SEC) and the Internal Revenue Service

(IRS) seized his business records, preventing him from continuing his business. Appellant insists this was a civil forfeiture, not merely part of a criminal investigation, and that it not only violated the Fourth Amendment, but also tortiously interfered with his contractual relationships in violation of state law. Appellant argues he was then punished a second time when the SEC obtained a permanent injunction against him based on information in his seized business records, and yet again when he was convicted and sentenced. Even though appellant has not raised this double jeopardy argument before, he claims he is not procedurally barred because Austin represented a significant change in case law that makes his double jeopardy argument novel and establishes cause for his default. See United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993) (holding issues not raised on direct appeal are barred absent showing of cause and prejudice or fundamental miscarriage of justice). In addition, he asserts that receiving multiple punishments for the same offense is fundamentally unfair. See id. Appellant also asserts the district court should have held a hearing and requests that counsel be appointed for him.

Appellant did not argue before the district court that the permanent injunction obtained by the SEC constituted punishment, see I R. Doc. 1 at 5-6, Doc. 2 at 1, and that argument is therefore waived on appeal. Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). The district court found there was

-3-

no civil forfeiture in this case, but only a criminal investigation. I R. Doc. 4 at 2-3. Appellant has not shown that finding is clearly erroneous. To the extent appellant attempts to argue that an investigatory seizure in violation of the Fourth Amendment constitutes punishment for double jeopardy purposes, he is simply mistaken. And, even if we accept arguendo that the seizure of appellant's business records was a civil forfeiture rather than part of a criminal investigation, the Supreme Court's recent decision, United States v. Ursery, Nos. 95-345, 95-346, ___ S. Ct. ___, ___, 1996 WL 340815, at *13 (June 24, 1996), forecloses appellant's argument that it constitutes punishment for double jeopardy purposes.

The district court did not err by denying a hearing under these circumstances, and appellant has not demonstrated a need for appointed counsel. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (holding court should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims").

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge

-4-