Andrew THEODOROU,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 86–2767.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 2, 1988.

Decided Oct. 27, 1989.

Sam Adam, Chicago, Ill., for petitioner-appellant.

Patrick Foley, Office of the U.S. Atty., Chicago, Ill., for respondent-appellee.

Before BAUER, Chief Judge, WOOD, Jr., and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Andrew Theodorou appeals the district court's denial of his 28 U.S.C. § 2255 petition. Theodorou alleges that he is entitled to habeas corpus relief because he was deprived his due process right to be sentenced on accurate information. We hold that Theodorou has failed to show good cause for not raising this matter in a direct appeal and we affirm.

## I. FACTUAL BACKGROUND

Theodorou was one of twelve persons named in a thirteen-count drug smuggling indictment under Cause No. 80 CR 312. He was charged in eleven of the thirteen counts. Shortly thereafter, the same grand jury also indicted Theodorou under Cause No. 80 CR 370 with two counts involving distribution of cocaine.

Within a few months a jury trial commenced before Judge George N. Leighton under Cause No. 80 CR 312. Four days into the trial, Theodorou entered into plea negotiations with the government. A written plea agreement was executed. Theodorou pleaded guilty to four counts involving a conspiracy to import, possess and distribute 5200 pounds of marijuana; and failure to file his 1978 income tax return. The remaining seven counts were dismissed. In addition to stipulating to the amount of marijuana involved, the United States Attorney and Theodorou agreed that the minimum sentence to be imposed would be no less than seven years. However, there was no agreement as to the maximum sentence which could be imposed. Judge Leighton accepted the tendered plea.

The government submitted to the probation department its version of the offense for inclusion in the presentence report. The government's version was also provided to defense counsel two weeks prior to the sentencing hearing.

At the sentencing hearing, Judge Leighton asked defense counsel whether there were any corrections to be made to the presentence report. Defense counsel responded that the government's version of the offense (incorporated in the presentence report) contained misstatements and inaccuracies. The claimed inaccuracies described by defense counsel dealt with Theodorou's purported involvement with John Kachiroubas in an uncharged scheme to import cocaine. Kachiroubas was apparently involved in several other illegal endeavors and when he was caught he implicated Theodorou. Theodorou claimed Kachiroubas did so in order to achieve a better deal with the government. Defense counsel asserted that Kachiroubas' statement indicated that Theodorou was responsible for the importation of "tons and tons" of marijuana and cocaine. Theodorou maintained that Kachiroubas' statement was untrue. The court gave Theodorou an opportunity to file a supplement to the presentence report indicating the inaccuracies.

Defense counsel expressed his understanding and concern that the Parole Commission would rely only on the government's version of the offense and not the defendant's version in applying the parole guidelines.

Judge Leighton then sentenced Theodorou to two consecutive five-year terms and imposed fines totalling $25,000.00. In the meantime, the indictment in Cause No. 80 CR 370 was transferred to Judge Leighton. Eventually, Theodorou pleaded guilty to the unlawful use of the telephone to facilitate the distribution of cocaine. Judge Leighton sentenced Theodorou to serve two years of imprisonment consecutive to the sentence imposed in Cause No. 80 CR 312. Theodorou did not appeal either of the judgments of conviction entered on the separate pleas of guilty.

Theodorou's latest attempt to vacate and set aside his sentences is the subject of this appeal.[1] In this second section 2255 petition, Theodorou claimed that his sentences were based upon false information in the presentence report concerning his purported involvement in cocaine smuggling. Specifically, Theodorou argued that the sentencing judge relied upon inaccurate information in the government's version of the smuggling offense as it was presented in the presentence report. Theodorou also claimed that the government argued for a greater sentence on the basis of this false information and that he was denied an opportunity to contest these allegations. Finally, Theodorou claimed that the Parole Commission relied on the same false information in denying him due process of law.

This second section 2255 petition was referred to a magistrate who recommended denial of his petition because Theodorou failed to show good cause why he did not raise the matter in a direct appeal. Theodorou filed objections and exceptions to the magistrate's report and recommendation. Notwithstanding the objections, Judge Leighton accepted and approved the magistrate's report and recommendation and denied the section 2255 petition.

## II.  ANALYSIS

On appeal, Theodorou claims that he has an absolute and unfettered right to pursue relief under 28 U.S.C. § 2255, even though he did not take a direct appeal from either conviction.[2] Alternatively, Theodorou contends that if his right to attack his sentence is not absolute and if he must establish "cause and prejudice" for his failure to appeal, that he has done so. We address each issue separately.

## A.  QUALIFIED RIGHT TO PURSUE SECTION 2255 RELIEF

Theodorou bases his claim of an absolute right to raise the matter of inaccurate sentencing information in a section 2255 proceeding on the fact that the issue deals with his constitutional right to due process. He asserts that this right exists notwithstanding his failure to take a direct appeal

---

**1.** Several months after sentencing, and with the assistance of counsel, Theodorou did move for a review of his sentences under Federal Rule of Criminal Procedure 35. He claimed that the government's version of the offense was speculation based on inaccurate information supplied by Kachiroubas. The Rule 35 motion was denied. Theodorou filed a *pro se* motion for reconsideration of the denial but the district judge adhered to his original decision. No appeal was taken from the original denial of the Rule 35 motion or the denial of the motion to reconsider. In 1983, Theodorou utilized 28 U.S.C. § 2255 to move for vacation of both his convictions and sentences. He contended, among other things, that the government's sentencing memorandum included in the presentence report was inaccurate. This section 2255 petition was denied. *United States v. Theodorou*, 576 F.Supp. 1007 (N.D.Ill.1983). No appeal was taken from the denial of this 2255 petition.

Because of the issue framed in this appeal, we do not address what might have been another basis for dismissal of Theodorou's second 2255 petition. In the absence of changed circumstances, a district judge "is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255; *see Norris v. United States*, 687 F.2d 899 (7th Cir.1982).

**2.** Grounds for relief under section 2255 are more limited than the grounds for relief on direct appeal. On direct appeal, a convicted defendant can challenge any error other than harmless error committed in the trial court. In a section 2255 proceeding, a convicted defendant must show that the "sentence was imposed in violation of the Constitution or laws of the United States or that the trial court lacked jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Johnson v. United States*, 805 F.2d 1284, 1287 (7th Cir.1986).

on that issue—particularly because his convictions were based on guilty pleas.

There is no question that the due process clause gives convicted defendants the right to be sentenced on the basis of accurate information. *See Blake v. United States*, 841 F.2d 203, 206 (7th Cir.1988); *United States v. Rone*, 743 F.2d 1169, 1171 (7th Cir.1984); *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972). If a convicted defendant can show that the information before the sentencing court was false and that the court relied upon false information in imposing the sentence, the sentence will be vacated. *Rone*, 743 F.2d at 1171; *United States v. Harris*, 558 F.2d 366 (7th Cir.1977).

■ We have made it clear, however, that a district court cannot reach the merits of an appealable issue in a section 2255 proceeding unless that issue has been raised in a procedurally appropriate manner. *Williams v. United States*, 805 F.2d 1301 (7th Cir.1986), *cert. denied*, 481 U.S. 1039, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987); *Johnson v. United States*, 805 F.2d 1284 (7th Cir.1986). As we have reiterated, a petition under section 2255 "will not be allowed to do service for an appeal." *Johnson v. United States*, 838 F.2d 201, 202 (7th Cir.1988) (citations omitted).[3] These cases have clearly confirmed our position in *Norris v. United States*, 687 F.2d 899 (7th Cir.1982), that a failure to raise constitutional challenges to a conviction on direct appeal bars a petitioner from raising the same issue in a section 2255 proceeding—absent a showing of good cause for and prejudice from the failure to appeal. 687 F.2d at 903–04; *see also United States v. Kovic*, 830 F.2d 680, 684 (7th Cir.1987). The "cause and prejudice" standard is applicable when a prisoner attacks his sentence by raising constitutional issues for the first time in a section 2255 proceeding. *Bontkowski v. United States*, 850 F.2d 306, 312–13 (7th Cir.1988); *Norris*, 687 F.2d at 901; *Johnson*, 838 F.2d at 202. Absent a showing of cause for the procedural default and actual prejudice resulting from the errors petitioner alleges, the failure to raise an issue which could have been raised on direct appeal precludes section 2255 review. *Williams*, 805 F.2d at 1306–07; *Qualls v. United States*, 774 F.2d 850, 851 (7th Cir.1985).

It is of no consequence that the entries of Theodorou's judgments of conviction were the result of pleas of guilty rather than verdicts of guilty.[4] In *Williams*, we extended the application of the "cause and prejudice" standard to petitioners like Theodorou who are sentenced after entering a plea of guilty and subsequently attack their sentences by raising new issues for the first time in a section 2255 proceeding. 805 F.2d at 1305–06; *see also Bontkowski*, 850 F.2d at 313.

To summarize, we hold that, absent a showing of cause and prejudice, a defendant is barred from raising any constitu-

---

**3.** Some basis for the defendant's confusion in this area presumably existed. There was dicta in an earlier per curiam opinion in *United States v. Mittelsteadt*, 790 F.2d 39, 40 (7th Cir. 1986), which gave the impression that relief under section 2255 could be sought based on allegations that a district judge acted on erroneous information in sentencing—notwithstanding the fact that no direct appeal had been taken. Theodorou also cited *Kramer v. United States*, 788 F.2d 1229 (7th Cir.1986), for the proposition that a defendant may pursue relief under section 2255 for the erroneous information relied on by a sentencing judge after a direct appeal. However, *Kramer* stands only for the narrow principle that a defendant may establish good cause for failing to raise a sentencing judge's reliance on erroneous information if the judge did not attach a written finding to the defendant's presentence report stating that he did not rely on a disputed fact when imposing sentence.

In *Kramer*, the absence of the clarifying attachment was not discovered by the defendant until he was before the parole commission.

**4.** This court has repeatedly stated that "[a] judgment entered on a plea of guilty is an appealable order, though of course the grounds for appeal are much more limited than if the defendant had contested the charges against him." *United States v. Angelos*, 763 F.2d 859, 860 (7th Cir.1985); *see Williams v. United States*, 805 F.2d 1301, 1306 (7th Cir.1986).

The Supreme Court has warned that if inaccuracies exist in a presentence report, the time to object to such inaccuracies is at the time of sentencing and on direct appeal. *United States v. Benchimol*, 471 U.S. 453, 457, 105 S.Ct. 2103, 2106, 85 L.Ed.2d 462 (1985) (per curiam) (Stevens, J., concurring).

tional challenge in a section 2255 proceeding which could have been raised in a direct appeal. Thus, the district court correctly found that it was precluded from considering the merits of Theodorou's section 2255 petition unless Theodorou established "cause and prejudice" for failing to raise those issues in a direct appeal.

## B. CAUSE AND PREJUDICE STANDARD

■ Both aspects, cause and prejudice, must be satisfied to enable a defendant to avoid the waiver caused by the failure to raise issues in a direct appeal. *United States v. Griffin*, 765 F.2d 677, 682 (7th Cir.1985). That is, a section 2255 petitioner must show both (1) good cause for his failure to pursue an issue on direct appeal, and (2) actual prejudice stemming from the alleged constitutional violation.

To establish good cause, Theodorou explains his procedural default as follows. At the time of his sentencing, Rule 32 of the Federal Rules of Criminal Procedure did not exist in its present form[5] and therefore, he had no reasonable basis of knowing that the government's version of the offenses incorporated in the presentence report would be relied upon by the Parole Commission. Theodorou claims that the false information delayed his parole and prolonged his incarceration. Given this scenario, Theodorou asserts he has established good cause for his procedural default. However, as we stated in *Williams v. United States:*

> The question is not whether [the petitioner] raised the issue, but rather whether he could have and simply failed without cause to do so. If this were not the case, litigants would be free to keep issues in reserve while presenting challenges to their convictions and sentences one issue at a time.

805 F.2d at 1308.

Theodorou and his counsel were aware of the claimed inaccuracies *before* the sentencing hearing. In fact, during the course of the sentencing hearing the court heard witnesses on behalf of the defendant and these claimed inaccuracies were objected to by Theodorou's counsel. With regard to the alleged inaccuracies, Judge Leighton gave defense counsel two weeks to submit a supplement to the presentence report specifically indicating any part of the Kachiroubas statement which he felt was incorrect. This was permitted "with the understanding that [the supplement would] be made part of the record and part of the presentence report."

Theodorou's claim that he was unaware at the time of sentencing that the Parole Commission relied upon the government's version of the offense in the presentence reports to make parole determinations is simply not accurate. In fact, counsel for Theodorou informed Judge Leighton of his belief that "the guidelines of the Parole Board with respect to parole are directly dependent upon the government's statement of the evidence and that they do not take into consideration matters and things that we may submit are inaccurate...."

Judge Leighton noted that the government had charged Kachiroubas with making a false statement in violation of federal law and that he pleaded guilty to the charge. Indicating that this was "[h]ardly a mark of one to be always believed," Judge Leighton then went on to state:

> Now, because of what Mr. Adams [Theodorou's defense counsel] believes is the function of these statements insofar as the Parole Commission is concerned, I have been thinking that perhaps I should enter an order stating ... that the imposition of the sentence is not to be construed as a finding by the Court that the statement of the offense furnished the probation department by the government is accurate in every respect and that the

---

5. Defendant was sentenced in both cases in 1981 and the amendment to Rule 32 dealing with controverted facts in the presentence report became effective in 1983. Subdivision (c)(3)(D) was added which required a sentencing judge to make a finding regarding the accuracy of any

challenged factual matter or to determine that no reliance would be placed on that factual matter at the time of sentencing. This section was added because of the substantial use made of presentence reports by the Bureau of Prisons and Parole Commission.

statement proposed by the defendant should be considered together, ... so that the Parole Commission doesn't use the statement in the probation report as Mr. Adams thinks ... the Parole Commission will.

I think this will protect the defendant from that possibility....

Although he did not make findings to resolve the disputed facts (as was later required through the amendment of Rule 32), the sentencing judge attempted to cast the government's version of the offense in its proper light.

The existence of the false information in the presentence report which Theodorou now claims was used by the sentencing judge was within Theodorou's knowledge prior to the imposition of his sentences. At the time of sentencing Theodorou was also aware of the use to which information in the presentence report would be put by the parole commission. Theodorou offers no plausible explanation constituting good cause why this false information issue was not pursued in a proper procedural manner. Thus, Theodorou's failure to raise his constitutional claim of due process violation in a direct appeal precludes him from raising that issue in a section 2255 proceeding.[6]

For the foregoing reasons, the decision of the district court denying Theodorou's section 2255 petition is

AFFIRMED.

---

**6.** We need not address the issue of whether Theodorou has established the actual prejudice element since we find that he has not shown good cause why he failed to raise this matter earlier. *Griffin,* 765 F.2d at 682.