930 F.2d 25
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Abel S. BRANLY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-1703.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 3, 1991.
Decided April 15, 1991.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Pro se petitioner Abel Branly appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2255. The district court dismissed the petition because Branly waived his argument regarding the withdrawal of his guilty plea by failing to raise it on direct appeal. We affirm.
 
 
 2
 Branly pleaded guilty to engaging in a continuing criminal enterprise to distribute cocaine and distributing cocaine to a minor. The district court denied his motion to withdraw his plea and then sentenced him to 20 years imprisonment on each count to run concurrently, a supervised parole term of 15 and a fine of $30,000. On direct appeal, Branly contended that the district court abused its discretion in denying his motion to withdraw his guilty plea. He took exception to the characterization of his criminal activity in the presentence report and to some factual allegations in the indictment. This court affirmed. United States v. Branly, No. 86-1343, unpublished order (Oct. 15, 1986).
 
 
 3
 After the appeal, the district court denied Branly's motion to reduce his sentence pursuant to Fed.R.Crim.P. 35. He then filed this petition, alleging for the first time that the plea proceedings were inadequate because the district judge did not admonish him that his sentence might include a term of special parole. On appeal he raises still another argument--that the district judge failed to admonish him that his sentence on the continuing criminal enterprise count would be non-parolable. This last issue, not raised in his habeas petition or opening brief in district court, is waived. Gomez v. Greer, 896 F.2d 252, 254 (7th Cir.1990).
 
 
 4
 The special parole issue is waived for a different reason. A failure to raise a constitutional challenge to a conviction on direct appeal bars a petitioner from raising the same issue in a section 2255 proceeding absent a showing of cause and prejudice. United States v. Theodorou, 887 F.2d 1336, 1339 (7th Cir.1989). This standard applies even when the conviction results from a guilty plea rather than a verdict. Id. Branly has failed to make any showing of cause or prejudice.[1]
 
 
 5
 The denial of the petition for a writ of habeas corpus is
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Even were we to reach the merits, we would hold, as the Supreme Court noted in Hill v. Lockhart, 474 U.S. 52 (1985), that the Constitution does not require states--or in this case the United States--to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary. Id. at 56. See Fed.R.Crim.P. 11(c); Advisory Committee's Notes on 1974 Amendment to Fed.R.Crim.P. 11, 18 U.S.C.App., p. 22 (federal courts generally are not required to inform defendant about parole eligibility before accepting guilty plea)