**UNITED STATES of America, Plaintiff,**

**v.**

**Perikles PANAGIOTAROS, Defendant.**

**No. 87 CR 515.**

United States District Court,
N.D. Illinois, E.D.

Aug. 26, 1991.

Perikles Panagiotaros, pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The pro se defendant, Perikles Panagiotaros, filed a motion to reconsider a previous motion to reduce his sentence under Federal Rule of Criminal Procedure 35 ("Rule 35") and, in the alternative, a motion attacking his sentence under 28 U.S.C. § 2255. For the following reasons, we deny both motions.

We sentenced Panagiotaros to nine years after he pled guilty to extortion and mail fraud. In accepting his plea at sentencing, we informed Panagiotaros that, although we believed that his offense warranted Category V rating under the guidelines and would sentence him accordingly, the Parole Commission may not view the offense the same way and may give it a different severity rating. On November 21, 1990, the Parole Commission indeed viewed the offense differently than we and set Panagiotaros' jail time commensurate with a Category VII offense. This change increased the total jail time Panagiotaros might have expected to serve of his nine year sentence from the range of 24–36 months to 52 to 80 months. Panagiotaros now challenges this turn of events and requests either an order forcing the Parole Commission to reduce the severity rating or a reduction in his sentence.

We first consider Panagiotaros' motion insofar as it is styled a reconsideration of his Rule 35 motion. Panagiotaros initially filed a Rule 35 motion on August 20, 1990. That motion was granted and a portion of the sentence imposing financial liability was reduced on November 6, 1990. However, in his initial Rule 35 motion Panagiotaros did not challenge the Parole Commission's authority to determine a severity rating independent of the court's recommendation. Moreover, while the Rule applicable to offenses committed prior to November 1, 1987 allows the court to "correct an illegal sentence at any time," Fed. R.Crim.P. 35(a), Panagiotaros has failed to show that either the sentence was illegal, or that the actions of the Parole Commission were illegal.

Section 2255, not Rule 35, is the appropriate means by which to raise his present concern. However, as "the question of when to release a defendant rests solely within the control of the Parole Commission," *United States v. Plain*, 856 F.2d 913, 915 n. 3 (7th Cir.1988), § 2255 does not afford Panagiotaros the relief that he seeks.

Although a judge may consider the Parole Commission guidelines when sentencing a defendant, *see United States v. Neyens*, 831 F.2d 156, 161 (7th Cir.1988) (quoting *United States v. Addonizio*, 442 U.S. 178, 190, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979)), once the sentence is issued, "a judge has no enforceable expectation with respect to the actual release of a sentenced defendant short of his statutory term." *Plain*, 856 F.2d at 915 (quoting *United States v. Addonizio*, 442 U.S. 178, 190, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979)). In this case, prior to the acceptance of Panagiotaros' plea, we informed him both of our own expectations of his release date and of the possibly countervailing independent decision-making authority of the Parole Commission in determining jail time. Thus, when Panagiotaros pled guilty, he was at least aware that the Parole Commission may supersede our jail time expectations. Panagiotaros' expectations have been lawfully frustrated, and, since we apparently have no enforceable expectations as to the total jail time of a defendant and may not force the Parole Commission to change its independent decision, we are unable to grant him the relief that he seeks. Accordingly, we deny Panagiotaros' § 2255 motion. It is so ordered.