958 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andres ZUNIGA, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-1985.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 10, 1992.*
Decided March 20, 1992.
Rehearing and Rehearing En Banc
Denied July 8, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On January 27, 1989, petitioner Andres Zuniga pleaded guilty to conspiracy to distribute cocaine. 21 U.S.C. §§ 841(a)(1) and 846. The district court judge sentenced Zuniga to 135 months' imprisonment to be followed by three years' supervised release. Zuniga did not directly appeal his conviction or sentence. Instead, on March 7, 1991, he filed a motion under 28 U.S.C. § 2255 in which he argued that: (1) 21 U.S.C. section 841(b)(1)(A)'s mandatory minimum sentencing scheme is not applicable to conspiracies prosecuted before November 18, 1988; (2) the Federal Sentencing Guidelines are not applicable to his case; (3) "supervised release" may not be imposed for a conspiracy conviction; and (4) the information to which he pled guilty failed to allege the essential elements of the charged offense.
 
 
 2
 The government responded to Zuniga's section 2255 petition and pointed out that Zuniga had procedurally defaulted all four issues in his petition by failing to raise them on direct appeal. Further, the government contended that Zuniga's failure to demonstrate cause and prejudice for the default barred federal habeas review of these claims. The district court addressed Zuniga's section 2255 petition on the merits and summarily dismissed it under 28 U.S.C. § 2255, Rule 4(b). Zuniga appeals. We affirm the district court's dismissal of the petition, but on the ground that Zuniga failed to establish cause for and prejudice resulting from his failure to file a direct appeal. See Burda v. Ecker Co., No. 90-1514, slip op. at 6 (7th Cir. Jan. 21, 1992) (district court's judgment may be affirmed by the appellate court on any ground contained in the record).
 
 
 3
 Collateral review is not a substitute for a direct appeal. Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989). Thus, in order to obtain federal habeas review of his claims, Zuniga must demonstrate both good cause for and actual prejudice resulting from his failure to file a direct appeal. Borre v. United States, 940 F.2d 215, 217 (7th Cir.1991); see also United States v. ex rel. Gramley, 915 F.2d 1128, 1136 (7th Cir.1990) (cause and prejudice standard is applicable to complete failures to file a direct appeal). Ineffective assistance of counsel, if proven, establishes cause for a procedural default. Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir.1990). However, Zuniga confronts a difficult task in seeking to excuse his procedural default by pointing to his counsel's allegedly ineffective representation. Under the test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), he must prove that his counsel's performance fell "below an objective standard of reasonableness, and that there is a reasonable possibility that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 4
 The only explanation Zuniga gives for not directly appealing his conviction or sentence is that his attorney "failed to advise petitioner of his right to appeal" and was "less than an effective adversary." Counsel's failure to appeal an appealable judgment does not per se establish ineffective assistance of counsel. See Clay v. Director, Juvenile Div., Dept. of Corrections., 749 F.2d 427, 436 (7th Cir.1984) (Posner, J., concurring). Zuniga presents no evidence of his own desire to appeal, nor does he present any evidence that would lead this court to conclude that counsel's failure to file an appeal violated his Sixth Amendment right to effective representation. See Gramley, 915 F.2d at 1136 (petitioner failed to establish ineffective assistance of counsel for failure to file appeal because he did not establish his own intent to file an appeal, nor did he demonstrate that counsel's performance fell below objective standard of competence). Moreover, Zuniga's naked claim that his counsel was "less than an effective adversary" is insufficient to demonstrate ineffective assistance of counsel under the Strickland test. See United States v. Williams, 910 F.2d 1574, 1581 (7th Cir.1990) (Strickland requires a more plenary discussion of counsel's errors), cert. granted on other grounds, 111 S.Ct. 1305 (1991).
 
 
 5
 Zuniga has failed to establish that he received ineffective assistance of counsel and he does not offer any other explanation for his procedural default.[1] Consequently, federal habeas review of the claims raised in his section 2255 is barred. The district court's denial of relief is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Because we hold that Zuniga has failed to establish cause for his procedural default, it is unnecessary to discuss the issue of actual prejudice. Theodorou v. United States, 887 F.2d 1336, 1339, n. 6 (7th Cir.1989)