986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles COFER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3756.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 19, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Charles Cofer pleaded guilty to one count of possession with intent to distribute approximately 272 grams of crack cocaine (or "cocaine base") in violation of 21 U.S.C. § 841(a)(1). This resulted in a base offense level of 34; if the substance involved had been cocaine instead of crack cocaine, the base offense level would have been 20. U.S.S.G. § 2D1.1(c). Cofer was sentenced to 216 months' imprisonment, but he did not appeal his conviction or sentence. He did, however, file a motion to vacate his sentence under 28 U.S.C. § 2255, seeking to be resentenced for possession with intent to distribute (non-crack) cocaine. He claimed that the guidelines are unconstitutionally vague insofar as they fail to provide a clear definition of crack cocaine or cocaine base. The district court denied Cofer's motion. The court found that he had procedurally defaulted on the issue by not raising it on direct appeal and had not demonstrated cause for this failure. The court rejected Cofer's argument that an intervening change in the law constituted cause for his failure to raise the vagueness issue on direct appeal. Finally, the court found that even if Cofer had established cause and prejudice, his constitutional argument was lacking.
 
 
 2
 A motion under § 2255 is not a substitute for a direct appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). As we have stated, "absent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised in a direct appeal." Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir.1989). Oddly, on appeal, Cofer has failed even to try to establish cause and prejudice. It is odd because at the district court level, he tried to establish cause by arguing that there was intervening change in the law, see Norris v. United States, 687 F.2d 899, 903 (7th Cir.1982), though in light of Teague v. Lane, 489 U.S. 288 (1989), it is questionable whether a change in law can constitute cause for purposes of overcoming a procedural default. See Prihoda v. McCaughtry, 910 F.2d 1379, 1386 (7th Cir.1990). Nevertheless, the district court addressed Cofer's argument and concluded that he had not established cause. In Cofer's opening brief on appeal, he omitted his argument about an intervening change in the law and concentrated on the merits of his vagueness argument. The government responded to Cofer's opening brief by raising the argument that had convinced the district court: Cofer had failed to establish cause. Cofer failed to make any sort of reply. Because Cofer has failed to establish either cause or prejudice, the district court's denial of Cofer's motion to vacate his sentence under § 2255 is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record