UNITED STATES of America, Plaintiff,

v.

Peter ARVANITIS, Defendant.

No. 93 C 2515.

United States District Court,
N.D. Illinois, E.D.

Sept. 1, 1993.

Steven Alan Miller, Asst. U.S. Atty., Chicago, IL, for U.S.

Peter Arvanitis, pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Presently before the court is Peter Arvanitis' motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The gravamen of Arvanitis' current motion is once again the decision of the United States Parole Commission to assign an offense severity rating greater than Category V. For the following reasons, the motion is denied.

Pursuant to a plea agreement, Arvanitis pled guilty to Counts II (conspiracy in violation of 18 U.S.C. § 1962(d)) and XXV (extortion through threats of violence and actual use of violence in violation of 18 U.S.C. § 1951) of the superseding indictment of February 1, 1988. We sentenced Arvanitis to serve twelve years on Count II, followed by five years of probation on Count XXV. Before Arvanitis accepted his plea, we informed him that, although we believed that his offense warranted Category V under the Parole Commission guidelines and would sentence him accordingly, the Parole Commission may not view the offense in the same manner, and may independently assess a different rating. Subsequently, the Parole Commission in fact concluded that the offense severity rating should be a Category VII, thus delaying the date on which Arvanitis will be eligible for parole.

Arvanitis first challenged this turn of events on direct appeal, claiming ineffective assistance of counsel, since his attorney had also estimated the appropriate offense severity level as a Category V. *United States v. Arvanitis*, 902 F.2d 489 (7th Cir.1990). The Seventh Circuit noted, however, that prior to sentencing, this court informed Arvanitis that

we could not bind the Parole Commission with respect to the offense severity rating, and the Parole Commission had indicated that it believed that the appropriate rating was at least a Category VI. Because Arvanitis decided not to withdraw his plea, despite the above information, the Seventh Circuit concluded that he was precluded from arguing error on appeal. *Id.* at 495.

In his present motion, Arvanitis argues that we failed to resolve disputed factual issues at his sentencing hearing, or to put such findings in writing, and thus did not comply with the dictates of Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure.[1] He in turn attributes the Parole Commission's decision to assign the higher offense severity rating to this perceived error.

■ We observe first that this motion is procedurally improper because Arvanitis did not raise this claim on direct appeal of his conviction. It is well established that a § 2255 motion "will not be allowed to do service for an appeal." *Johnson v. United States,* 838 F.2d 201, 202 (7th Cir.1988). As a result, "[t]he failure to raise constitutional challenges to a conviction on direct appeal bars a petitioner from raising the same issue in a section 2255 proceeding—absent a showing of good cause for and prejudice from the failure to appeal." *Theodorou v. United States,* 887 F.2d 1336, 1339 (7th Cir.1989). Arvanitis has failed to demonstrate either good cause for or prejudice from his failure to appeal. He clearly knew of the Parole Commission's determination regarding his offense severity rating, since he raised it on appeal with respect to his ineffective assistance of counsel claim. He was also aware of any Rule 32 failing that occurred at his sentencing hearing, since he was in attendance

and participated in the hearing. As a result, Arvanitis can not demonstrate good cause for his failure to raise the Rule 32 objection on appeal.

■ Even if Arvanitis could show good cause for failure to raise this issue on his direct appeal, his present claim is without merit, and he is therefore unable to demonstrate prejudice from his failure to appeal. The record clearly reflects that Arvanitis' assertions regarding our findings at the sentencing hearing are simply incorrect. At the sentencing hearing, we identified the issues that were disputed by Arvanitis, and stated that those issues would not be considered in determining his sentence. Transcript of Proceedings at 36, 38, 39, 48 (June 30, 1988). In addition, we provided that either party could append the transcript of the sentencing hearing to the presentence report or file a written order amending the presentence report to reflect those rulings. Transcript of Proceedings at 48 (June 30, 1988). The requirements of Rule 32(c)(3)(D) were therefore met.[2]

■ Finally, as we previously stated in connection with this case, "the question of when to release a defendant rests solely within the control of the Parole Commission." *United States v. Panagiotaros,* 776 F.Supp. 363, 365 (N.D.Ill.1991) (quoting *United States v. Plain,* 856 F.2d 913, 915 n. 3 (7th Cir.1988)). Thus, once a sentence is issued, "a judge has no enforceable expectation with respect to the actual release of a sentenced defendant short of his statutory term." *Plain,* 856 F.2d at 915 (quoting *United States v. Addonizio,* 442 U.S. 178, 190, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979)). In this case, we explicitly chose not to resolve the controverted issues and informed Arvani-

---

1. Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure provides:

If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determi-

nations shall be appended to the and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

2. Any error in the failure to *require* that the rulings be attached to the presentence report in written form was harmless, *see United States v. Canino,* 949 F.2d 928, 951 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1701, 118 L.Ed.2d 410 (1992), particularly since we expressly invited all parties to append the findings to the presentence report.

tis of our own expectations of the corresponding release date, but also warned him of the possibly countervailing and independent decision-making authority of the Parole Commission in determining jail time. Thus, when Arvanitis pled guilty, he was at least aware that the Parole Commission has the authority to supersede our jail time expectations. That the Parole Commission has done so does not provide Arvanitis with a basis for § 2255 relief, even in the face of his Rule 32 objections.

Accordingly, Arvanitis' motion to vacate his sentence is denied. It is so ordered.