37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Donald L. SHETTERLY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3286.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1994.*
Decided Oct. 19, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 
 1
 Judge McKinney denied Donald Shetterly's section 2255 motion without addressing the merits of his claim. He found that Shetterly's attack on his sentence (that he was entitled to a two point reduction for acceptance of responsibility under the November 1992 amendment to the Sentencing Guidelines) did not support a basis for relief under 28 U.S.C. Sec. 2255.
 
 
 2
 We believe Judge McKinney correctly disposed of Shetterly's claim in his order of August 30, 1993 (which we attach), and on that basis, the judgment of dismissal is AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 3
 United States of America,
 
 
 4
 vs.
 
 
 5
 Donald Shetterly, Defendant.
 
 Cause No. IP 93-818-C
 IP 90-95-CR
 
 6
 ENTRY DENYING MOTION TO VACATE, SET ASIDE OR CORRECT
 
 SENTENCE AND DIRECTING ENTRY OF JUDGMENT
 
 7
 This cause is before the Court on the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. Sec. 2255, on the government's response to such motion and on the defendant's traverse to the response. In addition, the Court has examined the file and records in the prosecution of the defendant in No. IP 90-95-CR. For the reasons which follow, the motion is, in all respects, denied.
 
 Background
 
 8
 On March 27, 1991 a jury convicted Shetterly of attempting to export a controlled commodity without the proper license, in violation of 50 U.S.C. Sec. 2410(a). Shetterly was sentenced to an executed term of 41 months on June 6, 1991. Shetterly's conviction and sentence was affirmed on appeal on August 10, 1992. United States of America v. Shetterly, 971 F.2d 67 (7th Cir.1992).
 
 
 9
 In the present action, filed June 24, 1993 and fully at issue since August 16, 1993, Shetterly questions whether the Court considered his acceptance of responsibility and posits that if it did he is now entitled to a two (2) point reduction pursuant to the November 1991 amendment to the Sentencing Guidelines. The United States has opposed the motion and Shetterly has replied.
 
 Discussion
 Applicable Law
 
 10
 The defendant's motion is brought pursuant to the authority of 28 U.S.C. Sec. 2255. That statute provides in part:
 
 
 11
 A prisoner in custody under a sentence of a court established by an Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the Court which imposed the sentence to vacate, set aside or correct the sentence.
 
 
 12
 Relief under Section 2255 is reserved for extraordinary situations. Collateral relief under Sec. 2255 is appropriate when legal error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992) (discussing scope of relief in challenge to guilty plea). See also Hill v. United States, 368 U.S. 424, 428 (1962). Before the Court determines whether those circumstances are present in any particular case, however, it must satisfy itself that the claims asserted are made in a procedurally appropriate fashion. Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989). This initial hurdle was explained in Belford, 975 F.2d at 313:
 
 
 13
 there are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.
 
 
 14
 If this hurdle is satisfied, the Court will then examine the nature of the claim to determine whether it is cognizable in a Section 2255 proceeding. After all, this type of proceeding represents a collateral attack on a final judgment and is looked upon with disfavor, a point forcefully made by Judge Easterbrook in recent weeks when he wrote for a panel of the Seventh Circuit:
 
 
 15
 Judges must respect the limitations on their power under Sec. 2255. See United States v. Springs, 988 F.2d 746 (7th Cir.1993). The power exists ... but must be exercised according to its terms.
 
 
 16
 ....
 
 
 17
 Over and over, the Supreme Court has emphasized the difference between direct appeal and collateral attack.... Persons who believe that district judges have not enforced all of their rights must appeal; having bypassed that opportunity they may not demand belated review.
 
 
 18
 United States v. Scott, 1993 U.S.App. LEXIS 15902, at * 10 (7th Cir. June 29, 1993).
 
 
 19
 If a defendant gets to the third layer, the Court will address the merits of his claims, consider the expanded record from the underlying criminal action and hold an evidentiary hearing where warranted.
 
 Analysis
 
 20
 The defendant did not complain of any incomplete compliance with Rule 32 in his direct appeal. A Sec. 2255 motion is not a substitute for direct appeal. Qualls v. United States, 774 F.2d 850, 851 (7th Cir.1985). The failure to raise constitutional challenges to a conviction on direct appeal bars a petitioner from raising the same issues in a Sec. 2255 proceeding without showing both (1) good cause for the failure to pursue a direct appeal and (2) actual prejudice resulting from the alleged constitutional violation. Theodorou v. United States, 887 F.2d 1336, 1340 (7th Cir.1989). See also Belford, 975 F.2d at 313 ("a section 2255 motion cannot raise ... constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal"). Shetterly suggests that the question he raises is one of fundamental importance, but it is far from this--probably at the complete other end of the spectrum, in fact--and thus this will not suffice.
 
 
 21
 There are further deficiencies to the defendant's motion. 18 U.S.C. Sec. 3582(c)(2) provides for sentence modification "in the case of a defendant who has been sentenced to a term of imprisonment based on sentencing range that has subsequently been lowered by the Sentencing Commission...." However, the Sentencing Commission, by its policy statement in Sec. 1B1.10, prohibits a district court from modifying a sentence under 18 U.S.C. Sec. 3582(c)(2) for any amendment not listed in Sec. 1B1.10(d).
 
 
 22
 The defendant, of course, was sentenced prior to the effective date of the Guidelines amendments from which he hopes to benefit. Courts are to apply the Guidelines in effect at the time of sentencing unless the ex post facto clause is violated. United States v. Bader, 956 F.2d 708, 709 (7th Cir.1992). The ex post facto clause was not implicated by the sentencing of the defendant and the Court applied the proper guidelines in sentencing the defendant. The contention is now, however, that he should receive the benefit of changes or clarifications and be resentenced.
 
 
 23
 For the reasons discussed at length by Judge Glasser in United States v. Rios-Paz, 808 F.Supp. 206 (E.D.N.Y.1992), this Court has found the 1992 amendment to Guideline Sec. 3E1.1(b) to be not suitable for retroactive application. In summary form, the reasons are: (1) Amendment 459--which added subsection (b) of Guideline Sec. 3E1.1--is not listed in Sec. 1B1.10(d), hence the sentencing court is unable to modify a sentence under 18 U.S.C. Sec. 3582(c)(2) because the Commission, by its policy statement in Sec. 1B1.10, prohibits a district court from modifying a sentence under 18 U.S.C. Sec. 3582(c)(2) for any amendment not listed in Sec. 1B1.10(d); (2) the additional one level reduction is clearly a change in Guideline Sec. 3E1.1, not a clarification of the earlier guideline, and cannot be retroactively applied under that theory; and (3) the administrative policy implications of disrupting the sentencing calculations of innumerable defendants is to be avoided.[1]
 
 
 24
 Section 3582 is germane in this situation because the nature of the defendant's claim is not even one which is cognizable under Section 2255. United States v. Springs, 988 F.2d 746 (7th Cir.1993). The misapplication of Sentencing Guidelines--something which did not occur in this case--does not deprive a court of jurisdiction and in this case did not place the defendant's sentence outside the range prescribed by Congress and did not "constitute[ ] a fundamental defect which inherently resulted in a complete miscarriage of justice." See United States v. Springs, 988 F.2d at 747.
 
 Conclusion
 
 25
 On the basis of the foregoing, the claim the defendant asserts is not of the nature which would support relief under 28 U.S.C. Sec. 2255. The defendant's motion, therefore, is denied and this action must now be dismissed with prejudice.
 
 
 26
 ALL OF WHICH IS ORDERED this 30 day of August 1993.
 
 
 27
 /s/ Larry J. McKinney
 
 LARRY J. McKINNEY, Judge
 United States District Court
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)
 
 
 [1]
 Even if the persuasive authorities were to the contrary, the suggestion that the defendant accepted responsibility in this action is to ignore the facts and circumstances of the case