48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Samuel LECHUGA, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-1411.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1995.*
Decided March 1, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 The district court denied Samuel Lechuga's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255, finding that Lechuga had waived his right to seek judicial review by not directly appealing the issues raised in the motion and was barred from raising the issue which had been brought previously on direct appeal. We affirm.
 
 
 2
 Lechuga was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 and possession of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). In his direct appeal, Lechuga argued that he was in custody under the Fourth Amendment without probable cause when the vehicle in which he was riding was stopped, and therefore searches of the car and his apartment were unconstitutional. We affirmed Lechuga's conviction on direct appeal. United States v. Lechuga, 925 F.2d 1035 (7th Cir.1991). We agree with the district court that the custody and search issues decided on direct appeal may not be raised again.
 
 
 3
 Lechuga also raises four issues not raised on direct appeal in this Sec. 2255 motion.[1] We concur with the district court's opinion that Lechuga has procedurally defaulted these claims by failing to raise them in his direct appeal and he has not alleged cause for his failure and resulting prejudice. Therefore, we AFFIRM for the reasons stated in the attached order.
 
 
 4
 Finally, we must comment on Lechuga's claim that the district court judge abused his discretion by failing to recuse himself from the proceedings. See 28 U.S.C. Sec. 455 (a judge "shall disqualify himself in any proceeding in which his impartiality may reasonably be questioned."). Lechuga apparently believes that because Judge Kocoras denied his motion to suppress and presided over his trial, he is biased and cannot be objective. This claim cannot succeed. Rule 4(a) of the Rules Governing Section 2255 Proceedings states that the motion "shall be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him...." However, it is possible that a district court judge's impartiality may be called into question. Here, Lechuga offers no reasons for the judge's recusal except for his familiarity with the case and his adverse decision on Lechuga's motion to suppress. "[A] judge's prior judicial experience and contact need not, and often do not, give rise to reasonable questions concerning impartiality." Liteky v. United States, 114 S.Ct. 1147, 1161 (1994) (Kennedy, J. concurring); United States v. Bond, 847 F.2d 1233, 1241 (7th Cir.1988) (citing United States v. Grinell Corp., 384 U.S. 563, 583 (1966)). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, nor do opinions formed on the basis of facts introduced in the course of proceedings unless deep-seated antagonism or favoritism make fair judgment impossible. Liteky, 114 S.Ct. at 1157. Lechuga simply fails to make an allegation sufficient to satisfy a showing of questionable impartiality.
 
 
 5
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 6
 United States of America, Plaintiff,
 
 
 7
 v
 
 
 8
 Samuel Lechuga, Defendant.
 
 89 CR 787-1
 92 C 6827
 Docketed
 Jan 22 1993
 MEMORANDUM OPINION
 CHARLES P. KOCORAS, District Judge:
 
 9
 Presently before this Court is the government's motion to deny Samual Lechuga's ("Lechuga") petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2255. We grant the motion because Lechuga has waived his right to seek judicial review of the issues raised for the first time in his petition and because his claim of error regarding the custody issue has already been considered and rejected by both this Court and the Seventh Circuit on direct appeal.
 
 
 10
 In his petition, Lechuga asks this Court to consider, for the first time, (1) whether his Sixth Amendment rights were violated by the ineffective assistance of counsel at trial resulting in numerous trial errors; (2) whether he was denied due process because of judicial bias; (3) whether this Court improperly failed to award him a two-point reduction for acceptance of responsibility under Sentencing Guideline Sec. 3E1.1; and (4) whether the evidence introduced at trial was sufficient to sustain his conviction of conspiracy to distribute cocaine. Lechuga also seeks yet another review of his Sixth Amendment claim regarding the issue of whether or not he was "in custody" during his initial stop by the arresting officers.
 
 
 11
 We deny Lechuga's petition, in part, on the basis of waiver. With the exception of the "custody" issue, addressed below, Lechuga failed to raise on direct appeal any of the issues presently stated in his section 2255 petition. It is well established that a petitioner's failure to raise constitutional challenges to a conviction on direct appeal bars a petitioner from raising the same issues in a section 2255 proceeding absent a showing of good cause for and prejudice from the procedural default. Williams v. United States, 805 F.2d 1301, 1308 (7th Cir.1986), cert. denied, 481 U.S. 1939 (1987); Norris v. United States, 687 F.2d 899, 903-04 (7th Cir.1982). Waiver is applicable as well to a claim of ineffective assistance of trial counsel raised for the first time in a section 2255 habeas corpus petition. United States v. Kovic, 830 F.2d 680, 684 (7th Cir.1987), cert. denied, 484 U.S. 1044 (1988) (holding ineffective assistance of counsel raises due process issues requiring the defendant to establish cause for and actual prejudice resulting from his failure to raise the issues prior to Sec. 2255 motion); see also Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989).
 
 
 12
 In the instant section 2255 petition, Lechuga has failed to establish the requisite good cause and prejudice necessary to overcome his procedural waiver of these constitutional claims. While not claiming his appellate counsel's representation to be deficient in any way, Lechuga offers no explanation whatsoever for the failure of his appellate counsel to raise the issue of ineffective assistance of counsel on direct appeal, nor does Lechuga show cause for counsel's failure to raise the issues of sufficiency of the evidence or alleged sentencing error before the Seventh Circuit. Likewise, Lechuga's claim that he was denied due process because of judicial bias should also be dismissed as waived, in view of his failure to either raise this issue on direct appeal or offer cause for this default.[1] Accordingly, in view of petitioner's inability to establish, at the very least, good cause for his failure to raise his present claims on direct appeal, we deny Lechuga's present attempt to raise new trial challenges pursuant to a section 2255 petition.
 
 
 13
 We also deny Lechuga's "in custody" argument on the basis that it has been thoroughly reviewed and rejected in two prior judicial proceedings. On direct appeal, both defendants asserted that this Court erred in refusing the motion to suppress the cocaine found in the car trunk and the apartment as fruits of an allegedly unconstitutional search. On February 22, 1991, in affirming the defendants' convictions, the United States Court of Appeals for the Seventh Circuit expressly upheld this Court's evidentiary finding and ruling on the "custody" issue, stating "the investigatory vehicle stop and Officer Rodriguez's brief question of defendant Carrasco did not become an arrest requiring probable cause." U.S. v. Lechuga, 925 F.2d 1035, 1041 (7th Cir.1991). Absent a showing that justice would be best served by judicial consideration of this "custody" issue for the third time, this court will not review petitioner's admissibility argument again pursuant to a section 2255 petition.
 
 
 14
 For the foregoing reasons, this Court denies Lechuga's habeas corpus petition pursuant to section 2255.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Lechuga previously had filed a Sec. 2255 motion, claiming that the district court did not take mitigating circumstances into account when sentencing him. This motion was denied. The government has not asserted the defense of successive motions, therefore we will consider the claims. See McCleskey v. Zant, 111 S.Ct. 1454, 1469 (1991)
 
 
 [1]
 Notwithstanding waiver of this issue, in reaching our December 6, 1992 verdict finding petitioner and his codefendant Aurellio Carrasco-Lechuga guilty of possession of cocaine and conspiracy to possess with intent to distribute cocaine, this Court relied, solely, on the law and the facts as set forth by the parties. Accordingly, no basis exists for Lechuga's present allegations of judicial bias other than his own personal unhappiness over his conviction