73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Everett TOWERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1157.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1995.*
Decided Dec. 20, 1995.
 
 Before CUMMINGS, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Everett Towers moved to vacate, set aside or correct his sentence under 28 U.S.C. Sec. 2255. The district court denied the motion, and Towers appeals. We affirm.
 
 
 2
 In 1984, Towers was convicted of possession and conspiracy to possess cocaine with intent to distribute and distribution of cocaine. 21 U.S.C. Secs. 846 & 841(a)(1). The district court determined that his sentence should be enhanced under the Special Dangerous Drug Offender statute, 21 U.S.C. Secs. 849(e)(2) & (e)(3), and he was sentenced to one twenty-year and four eighteen-year terms of imprisonment, with one eighteen-year sentence to run consecutively to the twenty-year sentence and the other eighteen-year terms to run concurrently with the twenty-year term. He also was sentenced to special parole terms and was fined $125,000. Towers appealed, and this court affirmed, United States v. Towers, 775 F.2d 184 (7th Cir.1985), rejecting arguments regarding evidence admissibility and sufficiency, jury instructions, due process violations in applying the Special Dangerous Drug Offender statute, and double jeopardy. In 1994, Towers filed a motion to vacate, set aside, or correct his sentence, 28 U.S.C. Sec. 2255, which the district court denied.[1]
 
 
 3
 We review de novo the denial of a motion for post-conviction relief. Olmstead v. United States, 55 F.3d 316, 318 (7th Cir.1995). We emphasize, however, that "[a] Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." Daniels v. United States, 26 F.3d 706, 711 (7th Cir.1994) (citation omitted). Thus, a petitioner who has failed to raise a constitutional issue on direct appeal is barred from raising the issue in a post-conviction proceeding unless he demonstrates both cause for the failure and prejudice which results from it. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994) (citing Wainwright v. Sykes, 433 U.S. 72, 84 (1977)); Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993), cert. denied, 114 S.Ct. 939 (1994); Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir.1989). Towers's Sec. 2255 motion presents due process arguments which, although available to Towers at the time of his direct appeal, were not raised in that proceeding. Consequently they have been procedurally defaulted unless Towers establishes both cause and prejudice.
 
 
 4
 First, Towers contends that his sentence should not have been enhanced under the Special Dangerous Drug Offender statute. Specifically, he cites defective pre-trial notice by the prosecution and defective factual findings by the court. Both of these issues, however, were apparent both at the time of sentencing and at the time of Towers's direct appeal. In fact, during that appeal Towers argued, on other grounds, due process aspects of the Special Dangerous Drug Offender statute. Towers, 775 F.2d at 190-91. In this Sec. 2255 proceeding, however, he makes no effort to show why he did not raise these concerns earlier. We recognize that we must construe pro se complaints liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), but we are not required to construct a litigant's argument for him, Small v. Endicott, 998 F.2d 411, 417 (7th Cir.1993). Moreover, as the government points out, Towers should have been put on notice of the cause and prejudice standard by the government's brief in the district court and by the district court's order. Because Towers does not establish cause, he has waived the argument. See Theodorou, 887 F.2d at 1339-40.
 
 
 5
 Towers's second argument focuses on his Presentence Report ("PSI"). He claims that he was not able to read his PSI "before, during or after his sentencing," Appellant's Brief at 23, and had only a limited period immediately before sentencing to discuss it with his attorney. He also claims that the amount of cocaine attributed to him in that PSI is grossly overestimated and has caused him to be sentenced and evaluated for parole incorrectly. Again, however, these issues were immediately apparent at both sentencing and direct appeal, yet remained unargued; again, Towers fails to establish cause for that failure. Consequently, those arguments are also waived. Id. at 1341. Further, Towers bases his arguments on violations of Fed.R.Crim.P. 32, which generally are not cognizable under a Sec. 2255 motion. See Durrive v. United States, 4 F.3d 548, 549 (7th Cir.1993).
 
 
 6
 Towers also mentions that the district court discriminated against him by assigning his Sec. 2255 petition to a magistrate judge who had been the Assistant United States Attorney who originally prosecuted him. It is uncertain whether this statement is meant to be an argument. Regardless, inadequately developed contentions which are unsupported by legal authority and facts in the record are improperly presented and therefore waived. Filipowicz v. American Stores Benefit Plans Comm., 56 F.3d 807, 816 (7th Cir.1995) (appellate court will not search the record for an alleged abuse of discretion by the district court). Even assuming that Towers's statement is an argument, we note that the case was ultimately assigned to a neutral magistrate judge. Further, it was the district court, not the magistrate judge, who denied Towers's petition.
 
 
 7
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Between his appeal and his Sec. 2255 motion, Towers filed a Rule 35(b) motion to reduce his sentence and a motion under 18 U.S.C. Sec. 3582(c) requesting modification of his sentence. Both motions were denied by the district court and affirmed by this court in unpublished opinions. See United States v. Towers, No. 86-1731 (7th Cir. Mar. 3, 1987); United States v. Towers, No. 89-2834 (7th Cir. May 7, 1990)