103 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Allen YOUNG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2825.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 5, 1996.*
Decided Dec. 6, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Allen Young appeals the district court's denial of his motion to vacate, set aside or correct the sentence filed pursuant to 28 U.S.C. § 2255. Young asserted numerous claims in the district court, including ineffective assistance of counsel for failure to raise an entrapment defense and failure to adequately investigate witnesses; sentence entrapment; and challenges to the admissibility and sufficiency of evidence. In his appeal to this court, however, Young only claims that his sentence was "unduly harsh [and] in retaliation for his refusal to plea bargain," and as such a deprivation of due process.
 
 
 2
 This issue, however, was "not presented to the district court, and we do not review issues raised for the first time on appeal." United States ex rel. Cole v. Lane, 752 F.2d 1210, 1219-20 (7th Cir.1985), cited in Lostutter v. Peters, 50 F.3d 392, 394 (7th Cir.1995); Williams v. A.L. Turner, 5 F.3d 1114, 1116 (7th Cir.1993). It is settled that "a litigant cannot present to [the Court of Appeals] as a ground for reversal an issue which was not presented to the trial court and which it, therefore, had no opportunity to decide." Holleman v. Duckworth, 700 F.2d 391, 394-95 (7th Cir.1983) (quoting Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1333 (7th Cir.1977)), cited in Cole, 752 F.2d at 1219. In this case, the district court was not "presented with the legal arguments and facts on which [this] claim is based and thus was denied the opportunity to investigate and to rule on the claim." Cole, 752 F.2d at 1219-20.
 
 
 3
 Moreover, Young not only failed to raise this argument at the district court, but neither did he raise it at his sentencing hearing or on direct appeal to this court. United States v. Young, 20 F.3d 758 (7th Cir.1994). Even if Young had raised the issue at the district court, we would still be unable to hear the issue now due to his failure to raise it on direct appeal. "A district court cannot reach the merits of an appealable issue in a section 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." Williams v. United States, 805 F.2d 1301 (7th Cir.1986), cited in Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989). Failure to raise a constitutional challenge to a conviction on direct appeal bars a petitioner from raising the same issue in a § 2255 petition for a writ of habeas corpus. Norris v. United States, 687 F.2d 899 (7th Cir.1982), cited in Theodorou, 887 F.2d at 1339.
 
 
 4
 There are two exceptions to the rule that a § 2255 petition "will not be allowed to do service for an appeal." Johnson v. United States, 838 F.2d 201, 202 (7th Cir.1988), cited in Theodorou, 887 F.2d at 1339. "When a prisoner attacks his sentence by raising a constitutional issue for the first time in a section 2255 proceeding," review is not precluded where the petitioner shows "good cause for and prejudice from the failure to appeal." Bontkowski v. United States, 850 F.2d 306, 312-13 (7th Cir.1988), cited in Theodorou, 887 F.2d at 1339; see also United States v. Frady, 456 U.S. 152, 167-68 (1982); Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994). An issue raised for the first time in a § 2255 proceeding is also not precluded where "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994) (procedural default rules that apply in [§ 2254] habeas cases apply in § 2255 cases).
 
 
 5
 We need not reach the cause and prejudice question in this case, however, because Young has not alleged any cause for or prejudice from his failure to raise this issue earlier. Nor is it apparent that the integrity of justice is threatened in this case. Young has waived his right to argue that his sentence was imposed in retaliation for exercising his constitutional right to a trial by jury. Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)